13-459(L); 13-689(C)
Eagle Auto Mall Corp. v. Chrysler Group LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,

<u>Circuit Judges.</u>

- - - - - - - - - - - - - - - - - - - - - - -X

EAGLE AUTO MALL CORP., TERRY CHRYSLER JEEP, INC.,

<u>Plaintiffs-Counter-Defendants-Appellants</u>,

JHS BUSINESS ASSOCIATES INC. DBA CROSSROADS SUPERSTORE, WESTMINSTER DODGE, INC.,

<u>Plaintiffs-Counter-Defendants</u>,

-v.-                    Nos. 13-459 L; 13-689 C

CHRYSLER GROUP LLC,

1

**Defendant-Counter-Claimant-Appellee,**

**UNITED STATES OF AMERICA,**

**Intervenor.**

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**    JOE D. JACOBSON (Allen P. Press, <u>on the brief</u>), Green Jacobson, P.C., Clayton, MO.

**FOR APPELLEE:**    HUGH Q. GOTTSCHALK (Gwen J. Young & Christopher P. Montville, <u>on the brief</u>), Wheeler Trigg O' Donnell LLP, Denver, CO (George W. Mykulak, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, <u>on the brief</u>).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Eagle Auto Mall Corp. and Terry Chrysler Jeep, Inc. appeal a judgment dismissing their claims brought pursuant to § 747 of the Consolidated Appropriations Act of 2010. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"Following a civil bench trial, we review a district court's findings of fact for clear error, and its conclusions of law de novo; resolutions of mixed questions of fact and law are reviewed de novo to the extent that the alleged error is based on the misunderstanding of a legal

2

standard, and for clear error to the extent that the alleged error is based on a factual determination." <u>Diebold Found., Inc. v. C.I.R.</u>, 736 F.3d 172, 182 (2d Cir. 2013).

Section 747 provides:

> If the arbitrator finds in favor of a covered dealership, the covered manufacturer shall . . . provide the dealer a *customary and usual letter of intent* to enter into a sales and service agreement.

Pub. L. No. 111-117, § 747, 123 Stat. 3034, 3221 (2009) (emphasis added). Eagle and Terry prevailed in arbitration and were provided letters of intent (LOIs) by Chrysler Group LLC, but contend that those LOIs were not "customary and usual."

Eagle and Terry object to four specific LOI provisions. The undisputed factual findings of the district court for the stipulated time period, however, demonstrate that each of these provisions appears in: (1) a majority of all 135 LOIs issued by Chrysler, *and* (2) in a majority of just the 53 LOIs issued by Chrysler in the ordinary and voluntary course of business ("ordinary-course LOIs").

Eagle and Terry counter that only 9.5% of the ordinary-course LOIs include *all four* objected-to provisions.[1] But

---

[1] The figure rises to 26.4% if we remove from consideration a provision that Chrysler has now expressly waived.

many of the LOIs that do not include a disputed term nevertheless include a substantially similar term, or lack the term because of existing compliance.  In any event, without more, assembling a package of several LOI terms from a larger document lends itself to manipulation; the result would always vary depending on which terms a dealer chose to lump together.

Therefore, regardless of whether we take as the proper benchmark all of the LOIs or just those entered in the ordinary course, the LOIs Chrysler issued to Eagle and Terry were "customary and usual."  Eagle and Terry's proposed relief, striking the disputed provisions, would only make the LOIs less so.

We have considered all of Eagle and Terry's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4